[Civ. No. 28395.   Second Dist., Div. Four.   Feb. 16, 1966.]

EDWARD L. DONKIN et al., Petitioners and Appellants, v. THE DIRECTOR OF PROFESSIONAL AND VOCATIONAL STANDARDS, etc., et al., Defendants and Respondents.

William A. Kurlander and Leroy L. Donkin for Petitioners and Appellants.

Thomas C. Lynch, Attorney General, and Ben A. Borevitz, Deputy Attorney General, for Defendants and Respondents.

BISHOP, J. pro tem.*—By administrative proceedings the license of petitioner Donkin as a private detective and the registration of petitioner Van Norman as an employee of a detective agency were revoked. Petitioners made an effort to secure a writ of mandate to compel the restoration of the status each had lost, but judgment was entered denying their petition. In order to reverse the judgment, from which the petitioners have appealed, we would have to conclude that the trial court should have set aside the respondent director's order in the administrative proceeding because it was either without authority of law or without a basis in the evidence upon which it was grounded. As we are of the opinion that the trial judge could not properly have ruled other than as he did, we are affirming the judgment.

There is no dispute as to the procedural steps leading up to this point. On July 17, 1962, the Acting Assistant Chief of the State Bureau of Private Investigators and Adjusters filed an accusation against the two petitioners in which it was alleged that, on February 7, petitioners had violated section 7538, subdivision (g) of the Business and Professions Code. This subdivision listed, among the acts that are prohibited, the entry into ''any private building or portion thereof without the consent of the owner or of the person in legal possession thereof.'' On November 21 a hearing on the accusations was held before a hearing officer who submitted a proposed decision in which he found that on February 7, 1962, petitioners ''during the course of an investigation, went to the

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

home of Mrs. Jeanne M. May, . . . ; requested permission to enter . . . and, when permission was denied, forced their way into said home and gained entrance thereto by force, without the permission or consent of said Mrs. May.'' This, the hearing officer determined, was a violation of section 7538, subdivision (g) of the Business and Professions Code and proposed a suspension for 60 days of Donkin's license and of Van Norman's registration.

The following allegations in the Petition for Writ of Mandate were virtually admitted by respondents' answer: ''. . . the Director of Professional and Vocational Standards declined to adopt the proposed decisions of the Hearing Officer and authorized the parties to file written arguments with the Director. . . . On June 17, 1963 the Director . . . adopted the entire decision of the Hearing Officer (a copy of which is attached hereto and marked Exhibit 'A') except that portion dealing with the proposed penalty and in that regard revoked the registration and license of Petitioners effective July 9, 1963.'' The director's decision declared that it should be effective July 9. On July 8 the petitioners filed their petition for a writ of mandate; an alternative writ was issued and the judgment appealed from, based on findings of fact and conclusions of law, followed in due course.

In their opening brief on this appeal, and in their closing brief, petitioners make just two contentions: (1) respondents acted in excess of their jurisdiction in revoking their [petitioners'] licenses in that section 11517 of the Government Code does not allow the director to increase the penalty imposed by the hearing officer; (2) the penalties imposed were so disproportionate to the violations involved that it was an abuse of discretion to impose them.

██ The argument in support of the first is a bit devious; it must be examined closely to be appreciated. The code section referred to has three subdivisions. In the second it is provided that, ''If a contested case is heard by a hearing officer alone [as in this case], he shall prepare a proposed decision in such form that it may be adopted as the decision in the case. . . . The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.'' Based on these words, the appellants note that in his decision the director (who is given ''all'' powers of the ''agency,'' by

section 7550 of the Business and Professions Code) states: "The findings of fact and determination of issues set forth in the Proposed Decision of the Hearing Officer dated November 29, 1962, . . . are adopted and incorporated herein by reference as though set forth in full herein." So—appellants argue — he adopted the proposed decision, all except the penalty provisions, and, under the terms of section 11517 quoted above, all he was authorized to do thereafter was reduce the penalty of the proposed decision, not add to it as he did.

The trouble with this line of argument is that it overlooks the third part of the section and the first part of the director's decision. Subdivision (c) begins somewhat obscurely: "If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the case upon the record, including the transcript, with or without taking additional evidence. . . ." The director's decision begins: "By his order dated April 25, 1963, and pursuant to Section 11517 of the Government Code, the Director . . . declined to adopt the Proposed Decision of the Hearing Officer herein, authorized the parties hereto to file written argument . . . and notified the parties that the Director would thereafter decide the case himself upon the record, including the transcript, and upon said written argument." It was following this statement that the director had *declined* to adopt the proposed decision but was to reach his own, that the proposed decision of the hearing officer was "adopted and incorporated herein by reference as though set forth in full herein." The word "adopted" as it appears in the quotation just made is an unfortunate choice, but cannot be fairly interpreted as a reversal of the director's determination, so plainly expressed and implied elsewhere, not to accept as his the proposed decision, but to proceed to make his own.

■ Appellants' second contention, that for entering Mrs. May's home without her consent the penalty imposed was too severe, is predicated on facts that surely were not found by the triers of fact in the proceeding outlined; indeed, on facts that could not have been found from the evidence. Appellants' argument admits that they entered Mrs. May's home without her consent, but excused the entering by the plea that it was done to protect Mrs. May from physical violence that appellants feared would be inflicted on her by a hysterical woman, the wife at whose request the appellants were

obtaining evidence. To demonstrate the entire absence of any evidence to support the theory in the 187 pages of the transcript of hearing, a part of the record on appeal, we would have to incorporate it all. The evidence warranted the triers of fact in concluding that the appellants demanded and were refused entrance; threatened to break in; endeavored to gain admittance by kicking the door; and finally threw a flower pot through the glass. Through the aperture thus made the appellants and the woman entered. Her husband was already inside and tried to persuade Mrs. May to come from behind her closed door, some distance inside the house. Upon her refusal they departed. There was no basis whatever for the argument that the woman who hired appellants was hysterical and for this reason they went into the place that they had broken into to restrain her. The director did not abuse the discretion vested in him in withdrawing the state's license to appellants to continue in their careers.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.