[No. F004029. Fifth Dist. Mar. 8, 1985.]

DAVID ARTHUR McGRAW, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Faith J. Geoghegan, Deputy Attorney General, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—The Department of Motor Vehicles (Department) appeals from an order of the superior court reversing the Department's order directing the suspension of the driver's license of David Arthur McGraw (McGraw or respondent) pursuant to Vehicle Code section 13353, subdivision (b), due to his failure to submit to a chemical test for alcohol. The reason given by the trial court for its decision was the failure of the

Department to afford to McGraw the choice of whether to submit to the Department oral *or* written arguments before refusing to adopt the proposed decision of the referee. We will hold the choice of whether to permit oral *or* written arguments is with the Department and not with the driver of the motor vehicle.

On June 25, 1982, respondent was involved in an accident and was subsequently arrested for drunk driving. After being transported to a hospital for treatment of injuries he received in the accident, respondent was advised by the arresting officer of his choice of chemical tests to determine his blood alcohol level. Because respondent was at a hospital, his choice was between a blood or urine test. In response to the officer's questions regarding which test respondent would prefer to take, respondent remained silent. The officer told respondent that his silence would be construed as a refusal of any test and his driver's license could be suspended for six months.

The Department sent a notice to McGraw advising him of a six-month suspension of his driver's license due to his failure to submit to a chemical test for alcohol (Veh. Code, § 13353, subd. (b)). Pursuant to McGraw's written request, a hearing before a referee was held; the referee issued a proposed decision holding McGraw had not refused to submit to the chemical test.

Thereafter, McGraw was sent a letter notifying him that the referee's proposed decision had not been adopted by the Department. In addition, the notice informed respondent that "if you desire to submit written argument as to why the Referee's proposed decision should be adopted [you may do so]." McGraw failed to submit any written argument.

The Department concluded that McGraw had refused to submit to a chemical test and suspended his license for six months.

McGraw filed a petition for administrative mandamus in the superior court seeking to review the Department's decision. The court reversed the Department on the ground that Vehicle Code section 14110 affords the driver the choice of whether to submit oral or written argument regarding the Department's adoption of the referee's proposed decision. Because the notice McGraw was sent only provided for the submission of written argument, the court ruled that McGraw had been denied the full benefit of Vehicle Code section 14110 and ordered the Department to set aside its order and provide McGraw with the opportunity to submit oral or written argument.

The Department appealed.

## Discussion

Vehicle Code section 14110 provides in pertinent part: "If the proposed decision [of the referee] is not adopted, the director or designee may not decide the matter without affording the person the opportunity to present either oral or written argument before the department."

■ The trial court held that this part of Vehicle Code section 14110 afforded McGraw the opportunity to decide whether he wanted to submit oral or written arguments regarding the referee's decision. The Department contends the decision is up to the Department. The issue is one of first impression.

Clearly, the part of section Vehicle Code section 14110 quoted above is ambiguous. The Legislature has given us no cue as to what it intended in this regard. We must therefore turn to other aids to determine the intent of the Legislature. Those aids point rather clearly to permitting the Department to make the decision.

■ When a statutory provision is ambiguous and there is no clear case or other persuasive authority on the subject, "contemporaneous administrative construction of a statute by an administrative agency charged with its enforcement and interpretation is entitled to great weight unless it is clearly erroneous or unauthorized. [Citations.]" (*Rivera* v. *City of Fresno* (1971) 6 Cal.3d 132, 140 [98 Cal.Rptr. 281, 490 P.2d 793]; see also *International Business Machines* v. *State Bd. of Equalization* (1980) 26 Cal.3d 923, 931 [163 Cal.Rptr. 782, 609 P.2d 1].)

■ Because an agency's interpretation of a statute "is entitled to great weight unless it is clearly erroneous or unauthorized" and the interpretation given by the agency (i.e., the DMV decides whether to allow oral or written argument) does not appear to be "clearly erroneous or unauthorized," this principle represents a strong reason for adopting the interpretation put forth by the Department.

Further, the interpretation sought by the Department appears to be consistent with the practice under the California Administrative Procedure Act. Vehicle Code section 14112 provides that all matters regarding a formal hearing not covered by the Vehicle Code should be handled in accordance with the provisions of the Government Code dealing with administrative adjudication (Gov. Code, § 11500 et seq.). Therefore, it appears that the Legislature intended the administrative procedure of the Vehicle Code to be somewhat consistent with the general provisions contained in the Government Code.

Government Code section 11517, subdivision (c),[1] is a parallel provision to Vehicle Code section 14110 and the crucial language is substantially the same. While the issue has not been raised or decided in the framework of the California Administrative Procedure Act, the agency has assumed in each of the following cases that it had the prerogative to decide whether to have oral or written argument: *Adcock* v. *Board of Education* (1973) 10 Cal.3d 60, 64 [109 Cal.Rptr. 676, 513 P.2d 900] (only written argument permitted); *Brandt* v. *Fox* (1979) 90 Cal.App.3d 737, 741 [153 Cal.Rptr. 683] (written argument only); *Packer* v. *Board of Medical Examiners* (1974) 37 Cal.App.3d 63, 69 [112 Cal.Rptr. 76] (written argument only); *McGlone* v. *Mt. Diablo Unified Sch. Dist.* (1969) 3 Cal.App.3d 17, 19 [82 Cal.Rptr. 225] (written argument only); *Donkin* v. *Director of Professional and Vocational Standards* (1966) 240 Cal.App.2d 193, 196 [49 Cal.Rptr. 495] (written argument only); *Yanke* v. *State Dept. Public Health* (1958) 162 Cal.App.2d 600, 602 [328 P.2d 556] (oral argument only).

Two nonjudicial authorities support this view. In California Administrative Agency Practice (Cont.Ed.Bar 1970) page 208, it is said, in reference to the procedure following rejection of a proposed decision, that: "Apparently the agency has complete discretion over whether the argument shall be written or oral, and the agency's exercise of this discretion probably could not be successfully attacked on judicial review."

With respect to Government Code section 11517, subdivision (c), another source has stated that: "Where the agency fails to adopt the proposed decision of the hearing officer, it has two alternatives: it 'may decide the case [itself] upon the record, including the transcript, with or without taking additional evidence,' affording the parties the opportunity to present either (in the discretion of the agency) oral or written argument; . . ." (Bobby, *An Introduction to Practice and Procedure Under the California Administrative Procedure Act* (1964) 15 Hastings L.J. 258, 268-269.)

Finally, it appears to us that the more reasonable interpretation of Vehicle Code section 14110 places the election of oral or written argument with the Department. Because of the finite financial resources of the Department and the time that would be spent in hearings in which oral argument may be requested, the decision should not be left to the vehicle driver. Demands for oral argument throughout the state would place unreasonable burdens on the Department. The agency is in the best position to know which form of argument will satisfy its needs in arriving at a decision. Due process demands no more than either oral *or* written argument.

---

[1]Government Code section 11517, subdivision (c), provides in relevant part: "The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself."

We conclude the decision as to whether to have oral *or* written argument pursuant to Vehicle Code section 14110 is with the Department and not with the driver.

The judgment of the superior court is reversed and the cause remanded to the superior court with directions to set aside its writ of mandate heretofore issued and to issue an order denying the writ.

Costs are awarded to the Department.

Woolpert, J., and Vander Wall, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.