[No. F030847. Fifth Dist. Mar. 30, 2000.]

STEVEN WILLIS ALFORD, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

## COUNSEL

Etcheverry & Barnes and Louis P. Etcheverry for Plaintiff and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, Martin H. Milas, Assistant Attorney General, Silvia M. Diaz, Thomas Scheerer and Matthew Botting, Deputy Attorneys General, for Defendant and Respondent.

## Opinion

**KALASHIAN, J.**\*—The Department of Motor Vehicles (hereinafter Department) revoked appellant Steven Willis Alford's vehicle salesperson's license after he was criminally convicted of petty theft with a prior (Pen. Code, §§ 666/484) and assault (Pen. Code, § 241, subd. (a)). In an administrative mandamus proceeding in superior court, appellant contended that the revocation was unlawful and that the Department could suspend but not revoke the license. He argued that Government Code section 11517, former subdivision (b), barred the Department from revoking his license after the administrative law judge who initially heard the case recommended a less severe penalty, and thereafter the Department ultimately decided the case itself and adopted all of the administrative law judge's proposed decision except for the administrative law judge's proposed penalty.[1] The superior court denied appellant's petition for writ of administrative mandamus and entered judgment in favor of the Department. ■ On this appeal Alford once again contends that former subdivision (b) of Government Code section 11517 barred the Department from imposing a more severe penalty than the one recommended by the administrative law judge. As we shall explain, we find appellant's contention to be without merit and will affirm the judgment of the superior court. We hold that nothing in Government Code former section 11517 barred an agency which elects to "decide the case" pursuant to former subdivision (c) of that statute from issuing a decision which adopts all of an administrative law judge's "proposed decision" (Gov. Code, § 11517, former subd. (b)), except the administrative law judge's "proposed penalty" (*ibid.*), and which imposes a penalty greater than that previously proposed by the administrative law judge.

### Facts

There was no dispute about the evidence presented at appellant's administrative hearing. He was convicted in 1981 of petty theft. He stole some shirts and a pair of pants from Mervyn's, his employer at the time. He obtained a vehicle salesperson's license on an unspecified date in the mid-1990's, and worked for two automobile dealerships in Bakersfield. In March of 1995 appellant was convicted of petty theft with a prior (Pen. Code, §§ 666/484), and assault (Pen. Code, § 241, subd. (a)).

The procedural facts are as follows: The administrative law judge who initially heard the case made undisputed factual findings which warranted

---

\*Judge of the Tulare Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]The text of Government Code section 11517, subdivisions (b) and (c), is set forth below in the text of our opinion. See also footnote 3, *post.*

the imposition of a penalty. The administrative law judge recommended (under the heading "ORDER") a penalty consisting of a 45-day suspension of the license.[2] The Department notified appellant that the Department was not adopting the administrative law judge's proposed decision and would decide the case itself "pursuant to the provisions of Section 11517, subdivision (c), of the Government Code." The Department then ultimately issued a decision stating in pertinent part: "[T]he PROPOSED DECISION of the Administrative Law Judge is hereby adopted as the DECISION in this matter except the ORDER, which is not adopted and the following is substituted therefor: . . . The vehicle salesperson's license No. S-627710, issued to [Alford], is hereby revoked . . . ."

## DISCUSSION

Appellant does not dispute that good cause existed for revocation of his license. (See Veh. Code, § 11806, subd. (d), and *Clerici v. Department of Motor Vehicles* (1990) 224 Cal.App.3d 1016 [274 Cal.Rptr. 230].) Nor does he dispute the general principle that "[n]either an appellate court nor a trial court is free to substitute its discretion for that of the administrative agency concerning the degree of punishment imposed." (*Barber v. State Personnel Bd.* (1976) 18 Cal.3d 395, 404 [134 Cal.Rptr. 206, 556 P.2d 306]; in accord, see also *Kazensky v. City of Merced* (1998) 65 Cal.App.4th 44 [76 Cal.Rptr.2d 356].) Subdivision (b) of Code of Civil Procedure section 1094.5 states: "The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. *Abuse of discretion is established if the respondent has not proceeded in the manner required by law*, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Italics added.)

Appellant contends that the superior court abused its discretion because the court "has not proceeded in the manner required by law." (Code Civ. Proc., § 1094.5.) He argues that the court did not comply with Government

---

[2]The parties refer to the penalty recommended by the administrative law judge as a "suspension" and the penalty ultimately imposed by the Department as a "revocation" of appellant's license. The penalty imposed by the Department was indeed a revocation. Its language is quoted in the text of our opinion, below. The penalty recommended by the administrative law judge (what Gov. Code, § 11517, former subd. (b) called the "proposed penalty") was, strictly speaking, not a suspension but a revocation stayed for a period of three years with various terms and conditions. One condition of the stay of revocation was that appellant's license "shall be suspended for a period of 45 days . . . ." The significant point is simply that the penalty ultimately imposed by the agency (revocation) was, as both parties agree, a greater or more severe penalty than the penalty which had been recommended by the administrative law judge (what the parties call a "suspension").

Code section 11517, former subdivision (b). "Pure questions of law . . . are reviewed de novo." (*Foster v. Snyder* (1999) 76 Cal.App.4th 264, 267 [90 Cal.Rptr.2d 207].) Former subdivisions (b) and (c) of Government Code section 11517 provided:

"(b) If a contested case is heard by an administrative law judge alone, he or she shall prepare within 30 days after the case is submitted a proposed decision in such form that it may be adopted as the decision in the case. The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.

"Thirty days after receipt of the proposed decision, a copy of the proposed decision shall be filed by the agency as a public record and a copy shall be served by the agency on each party and his or her attorney.

"(c) *If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the case* upon the record, including the transcript, with or without taking additional evidence, or may refer the case to the same administrative law judge to take additional evidence. By stipulation of the parties, the agency may decide the case upon the record without including the transcript. If the case is assigned to an administrative law judge he or she shall prepare a proposed decision as provided in subdivision (b) upon the additional evidence and the transcript and other papers which are part of the record of the prior hearing. A copy of the proposed decision shall be furnished to each party and his or her attorney as prescribed in subdivision (b). The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself. If additional oral evidence is introduced before the agency itself, no agency member may vote unless the member heard the additional oral evidence."[3] (Stats. 1995, ch. 938, § 42, italics added.)

---

[3]Government Code section 11517 was amended by Statutes 1995, chapter 938, section 42. The amendment became effective on July 1, 1997. Appellant's hearing before the administrative law judge took place on January 8, 1997. The administrative law judge issued her decision on or about January 28, 1997. The agency's notice to appellant that it "HAS NOT ADOPTED THE ATTACHED PROPOSED DECISION" and "will decide the case pursuant to the provisions of Section 11517, subdivision (c), of the Government Code" was dated February 27, 1997. The Department initially decided the case on June 24, 1997, but reconsidered the case after appellant wrote to the Department in July 1997, and complained that he had not been given enough notice of the date and time of his scheduled former subdivision (c) oral argument. The Department then heard appellant's oral argument, and issued its final decision in the case on October 1, 1997. The pre-July 1, 1997, events are unquestionably governed by the statute as it read prior to that date. There was no other law for the Department to follow prior to July 1, 1997. The pre-July 1997 statute is the one we have quoted in the text of this opinion, *ante*. Regardless of which version of the statute applied to the agency's final decision

Appellant asserts that if a case is heard by an administrative law judge alone, and the agency ultimately utilizes the "balance of the proposed decision" (i.e., the "proposed decision" except for the "proposed penalty"), the agency may not increase the penalty. We disagree. ■ "[O]ur primary task in construing a statute is to determine the Legislature's intent." (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) "The court turns first to the words themselves for the answer." (*People v. Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1].) "When statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Solberg v. Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) "Where a statute is theoretically capable of more than one construction we choose that which comports with the intent of the Legislature. [Citations.] Words must

(an issue which the parties do not address), we see nothing in the amended statute which would change our analysis of this case. The amended subdivisions (b) and (c) stated: "(b) If a contested case is heard by an administrative law judge alone, he or she shall prepare within 30 days after the case is submitted a proposed decision in a [such] form that [it] may be adopted as the decision in the case. *Failure of the administrative law judge to deliver a proposed decision within the time required does not prejudice the rights of the agency in the case.* [The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.] Thirty days after receipt of the proposed decision, a copy of the proposed decision shall be filed by the agency as a public record and a copy shall be served by the agency on each party of his or her attorney. *The filing and service is not an adoption of a proposed decision by the agency. The agency itself may do any of the following: (1) Adopt the proposed decision in its entirety. (2) Reduce or otherwise mitigate the proposed penalty and adopt the balance of the proposed decision. (3) Make technical or other minor changes in the proposed decision and adopt it as the decision. Action by the agency under this paragraph is limited to a clarifying change or a change of a similar nature that does not affect the factual or legal basis of the proposed decision.*

"(c) If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the case upon the record, including the transcript, *or an agreed statement of the parties*, with or without taking additional evidence, or may refer the case to the same administrative law judge *if reasonably available, otherwise to another administrative law judge*, to take additional evidence. *A copy of the record shall be made available to the parties. The agency may require payment of fees covering direct costs of making the copy.* By stipulation of the parties, the agency may decide the case upon the record without including the transcript. If the case is assigned to an administrative law judge he or she shall prepare a proposed decision as provided in subdivision (b) upon the additional evidence and the transcript and other papers which are part of the record of the prior hearing. A copy of the proposed decision shall be furnished to each party and his or her attorney as prescribed in subdivision (b). The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself. If additional oral evidence is introduced before the agency itself, no agency member may vote unless the member heard the additional oral evidence. *The authority of the agency itself to decide the case under this subdivision includes authority to decide some but not all issues in the case.*" (Stats. 1995, ch. 938, § 42.)

We also note that after the superior court's April 1998 judgment in this case, Government Code section 11517 was once again amended. (See Stats. 1999, ch. 339 (Assem. Bill No. 1692), § 2.) The present version of the statute is not pertinent to this case, and we need not and do not discuss it.

be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible. [Citations.] Interpretive constructions which render some words surplusage, defy common sense, or lead to mischief or absurdity, are to be avoided. [Citations.]" (*California Mfrs. Assn v. Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].)

 Appellant does not call our attention to any ambiguity in the statute. The statute provides that the agency has three options available to it after an administrative law judge submits a proposed decision. The agency may (1) adopt the administrative law judge's proposed decision in its entirety (Gov. Code, § 11517, former subd. (b)); (2) reduce the administrative law judge's proposed penalty to a lesser penalty, and adopt the balance of the administrative law judge's proposed decision (Gov. Code, § 11517, former subd. (b)); or (3) reject the administrative law judge's proposed decision and "decide the case" itself in accordance with the former subdivision (c) procedure. (Gov. Code, § 11517, former subd. (c).) (In accord, see *Poliak v. Board of Psychology* (1997) 55 Cal.App.4th 342, 346-347 [63 Cal.Rptr.2d 866].) In the present case, the agency chose option (3)—its written notice to appellant stated "THE DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES HAS NOT ADOPTED THE ATTACHED PROPOSED DECISION" and "[t]he Director will decide the case pursuant to the provisions of Section 11517, subdivision (c), of the Government Code." The notice also informed appellant of his right to present oral argument, and informed him that "THE DIRECTOR COULD MAKE A DECISION DIFFERENT FROM THE ATTACHED DECISION" (i.e., different from the administrative law judge's proposed decision). Thereafter, appellant presented oral argument and the agency issued its decision.

Appellant contends that by ultimately adopting all but the administrative law judge's proposed order, the agency violated Goverment Code section 11517 former subdivision (b). He argues, in essence, that when an agency elects to "decide the case" under former subdivision (c) of section 11517, former subdivision (b) deprives the agency of one possible outcome of the case which would otherwise be available—increasing the penalty and adopting the balance of the administrative law judge's proposed decision, no matter how indisputably correct (as here) the balance of the administrative law judge's decision may have been. We see no justification in the statute for this position. Nothing in former subdivision (c) restricts the possible outcomes which the agency may reach when the agency rejects the administrative law judge's decision. Former subdivision (c) merely requires that the agency follow certain procedures if the agency rejects the administrative law judge's proposed decision and decides the case itself. One of these is

"affording the parties the opportunity to present either oral or written argument before the agency itself." (Gov. Code, § 11517, former subd. (c).) Once these procedures are complied with, the agency may render its decision. The former subdivision (c) phrase "[i]f the proposed decision is not adopted as provided in subdivision (b)" refers to an act of the agency (rejecting the administrative law judge's proposed decision) which precedes the agency's deciding of the case. To state this a bit differently, after the proposed decision of the administrative law judge "is not adopted" and the agency elects to "decide the case" (Gov. Code, § 11517, former subd. (c)), the agency may well reach the conclusion that the administrative law judge was entirely correct and, after affording the parties the opportunity to present argument and complying with the other procedural requirements of former subdivision (c), may then later adopt the proposed decision of the administrative law judge as the agency's decision.

Similarly, the agency may reject the administrative law judge's proposed decision (Gov. Code, § 11517, former subd. (c)), and then decide the case by concluding that the administrative law judge's proposed penalty was insufficient but that the balance of the administrative law judge's proposed decision is appropriate and correct. That is what happened here. That also is what happened in *Donkin v. Director of Professional and Vocational Standards* (1966) 240 Cal.App.2d 193 [49 Cal.Rptr. 495]. In *Donkin* a hearing officer recommended, pursuant to Government Code section 11517, former subdivision (b), that Mr. Donkin's private detective license be suspended for 60 days.[4] The Director of Professional and Vocational Standards (who had all the powers of the agency pursuant to Bus. & Prof. Code, § 7550) "declined to adopt the Proposed Decision of the Hearing Officer . . . ." (*Donkin v. Director of Professional and Vocational Standards*, *supra*, 240 Cal.App.2d at p. 196.) He "notified the parties that the Director would thereafter decide the case himself . . . ." (*Ibid.*) The director then "adopted the entire decision of the Hearing Officer . . . except that portion dealing with the proposed penalty and in that regard revoked the . . . license of" Mr. Donkin. (*Id.* at p. 195.) The director's decision stated that the hearing officer's proposed decision was "adopted and incorporated herein by reference . . . ." (*Id.* at p. 196.) Mr. Donkin's superior court petition for writ of mandate was denied, and the Court of Appeal affirmed. Mr. Donkin unsuccessfully contended, as appellant Alford does here, that former subdivision (b) prohibited the director from adopting all of the hearing officer's proposed decision except the proposed penalty, and imposing a greater penalty. The Court of Appeal pointed out, just as we have done, that this argument overlooks the former subdivision (c) power of the agency to decide the case itself. The Court of Appeal stated: "The word 'adopted' as it appears in the

---

[4]At the time of the *Donkin* decision, administrative law judges were called hearing officers. (See Stats. 1985, ch. 324, § 21, p. 1438.)

quotation just made is an unfortunate choice, but cannot be fairly interpreted as a reversal of the director's determination, so plainly expressed and implied elsewhere, not to accept as his the proposed decision, but to proceed to make his own." (240 Cal.App.2d at p. 196.)[5]

None of the authorities cited by appellant stand for the proposition that an agency's election to proceed under Government Code section 11517, former subdivision (c) bars the agency from deciding that the penalty should be more severe than the penalty recommended by the administrative law judge, and that the balance of the administrative law judge's proposed decision should be adopted as the balance of the agency's decision. At the superior court hearing, appellant relied on California Administrative Hearing Practice (Cont.Ed.Bar 2d ed. 1997) section 8.35, page 386. This treatise states that under former subdivision (b) of section 11517 "the agency has the power to reduce (or otherwise mitigate) the penalty and adopt the balance of the proposed decision without notice or further proceedings." (Cal. Administrative Hearing Practice, *supra*, § 8.35, p. 386.) This is true, but this says nothing about what the agency may do under former subdivision (c) after the agency rejects the administrative law judge's proposed decision. The same treatise also states at section 8.37 that "an agency decision to increase the penalty suggested in the proposed decision amounts to nonadoption of the decision . . . ." (Cal. Administrative Hearing Practice, *supra*, § 8.37, p. 387.) Appellant calls our attention to *Automotive Management Group, Inc. v. New Motor Vehicle Bd.* (1993) 20 Cal.App.4th 1002 [24 Cal.Rptr.2d 904]. Nothing in this case helps appellant. *Automotive Management* dealt with the issue of whether an administrative law judge may hear a "motion to dismiss"

---

[5]At the time of the *Donkin* decision, Government Code section 11517, former subdivisions (b) and (c), read as follows:

"(b) If a contested case is heard by a hearing officer alone, he shall prepare a proposed decision in such form that it may be adopted as the decision in the case. A copy of the proposed decision shall be filed by the agency as a public record and a copy of the proposed decision shall be served by the agency on each party in the case and his attorney. The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.

"(c) *If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the case* upon the record, including the transcript, with or without taking additional evidence, or may refer the case to the same or another hearing officer to take additional evidence. If the case is so assigned to a hearing officer he shall prepare a proposed decision as provided in subdivision (b) upon the additional evidence and the transcript and other papers which are part of the record of the prior hearing. A copy of such proposed decision shall be furnished to each party and his attorney as prescribed by subdivision (b). The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself. If additional oral evidence is introduced before the agency itself no agency member may vote unless he heard the additional oral evidence." (Stats. 1955, ch. 1661, p. 2995, § 1, italics added.)

a Vehicle Code section 3060 "protest" of a notice of termination of a franchise. Nothing in the case involved any interpretation of Government Code section 11517. The case simply points out that both Government Code section 11517, former subdivision (b), and Vehicle Code section 3067 are examples of legislation in which "having an ALJ preside over the hearing is contemplated under the statutory provisions." (*Automotive Management Group, Inc. v. New Motor Vehicle Bd., supra*, 20 Cal.App.4th at p. 1013.)

Appellant is incorrect when he contends that the agency "adopted the Proposed Decision of the Administrative Law Judge," and, therefore, Government Code section 11517, former subdivision (b) prohibited the agency from imposing a greater penalty than the penalty recommended by the administrative law judge. The agency did not adopt the proposed decision of the administrative law judge. As former subdivision (b) makes clear, the "proposed decision" consists of the "proposed penalty" and the "balance of the proposed decision." The agency did not adopt the proposed decision. The agency so notified appellant. The agency then ultimately reached a different decision—one which included a greater penalty.

DISPOSITION

The judgment is affirmed. Costs on appeal awarded to respondent.

Dibiaso, Acting P. J., and Harris, J., concurred.