[No. E036337. Fourth Dist., Div. Two. Aug. 11, 2005.]

BILAL ESSAYLI, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

Bill Lockyer, Attorney General, Jacob A. Appelsmith, Assistant Attorney General, Chris A. Knudsen and Martin W. Hagan, Deputy Attorneys General, for Defendant and Appellant.

Bilal Essayli, in pro. per., for Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, Acting P. J.—**

### INTRODUCTION

The Department of Motor Vehicles (DMV) appeals from judgment in favor of plaintiff Bilal Essayli based on the trial court's finding that the DMV abused its discretion in awarding two points against Essayli's driving record for a basic speed law conviction and accident arising from the same conduct.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2003, Essayli, who was then 17 years old, was involved in a traffic accident in which the vehicle Essayli was driving rear-ended another vehicle and pushed that car into a third vehicle. The investigating officer determined that Essayli caused the accident by driving at excessive speed. Essayli received a citation for and was convicted of violating Vehicle Code[1] section 22350, the basic speed law.

As a result of the conviction and related accident, the DMV assessed Essayli with two points on his driving record: one point for the section 22350 conviction and one point for being involved in an accident in which he was determined to be responsible. As a result of receiving two points on his driving record within a 12-month period, Essayli's license was restricted for 30 days under section 12814.6. Under the restriction, Essayli could not drive unless he was accompanied by a licensed parent, guardian, spouse, or driver who was at least 25 years old. In addition, Essayli could not carry passengers or drive at night during the restriction period. (§ 12814.6, subd. (b)(1).)

Essayli challenged the DMV's action. The DMV held an evidentiary hearing, and the hearing officer found there was cause to restrict Essayli's license for 30 days. The hearing officer found as follows: "Based on respondent's testimony he has only been licensed for 2 years and within this period of time, he has caused or contributed to an accident, and has been convicted of an unsafe speed violation. Although the accident and traffic violation occurred from the same incident, the assessed point counts are considered 2 separate additions to his driving record. Therefore the driving record properly reflects 2 points within a 12-month period and supports the sanctions placed on the driving record, pursuant to 12814.6."

---

[1] All further statutory references are to the Vehicle Code.

Essayli filed a writ of mandate challenging his license restriction. At the hearing on the petition, the trial court noted that the phrase "occasion of arrest or citation" in section 12810, subdivision (h)[2] was ambiguous, thus requiring statutory interpretation to determine the intent of the Legislature. Based on his review of the pertinent statutes, the trial court found that the Legislature did not intend for an unsafe driving conviction and related accident to be treated as a two-point event. The trial court stated that if that were the case, virtually every accident would constitute ground for a license suspension for a minor driver. The trial court granted the writ, and judgment was entered in favor of Essayli.

## DISCUSSION

### A.  *Standard of Review*

■  This appeal raises solely an issue of statutory construction. " '[T]he trial court's construction of a statute is purely a question of law and is subject to de novo review on appeal.' [Citation.]" (*Reis v. Biggs Unified School Dist.* (2005) 126 Cal.App.4th 809, 816 [24 Cal.Rptr.3d 393].)

### B.  *Principles of Statutory Construction*

■  The fundamental principle of statutory construction is to ascertain legislative intent and to interpret the statute so as to give effect to the Legislature's objective. (*Pollack v. Department of Motor Vehicles* (1985) 38 Cal.3d 367, 372 [211 Cal.Rptr. 748, 696 P.2d 141].) " 'To determine the intent [of a statute or regulation], the court turns first to the words, attempting to give effect to the usual, ordinary import of the language and to avoid making any language mere surplusage. [Citations.] The words must be construed in context in light of the nature and obvious purpose of the regulation where they appear. [Citation.] The various parts of an enactment must be harmonized in context of the framework as a whole. [Citations.] The regulation [or statute] must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the agency, practical rather than technical in nature, and which, when applied, will result in wise policy rather than mischief or absurdity.' [Citation.]"

---

[2] Several subdivisions of section 12810 have been renumbered without substantive change. (Stats. 2004, ch. 650, § 9.) Thus, former subdivision (e) is now subdivision (f); former subdivision (f) is now subdivision (g); former subdivision (g) is now subdivision (i); and former subdivision (h) is now subdivision (j). For convenience, this opinion will refer to the subdivisions under their current designations.

*(Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 531, 559–560 [27 Cal.Rptr.3d 171].)

■ The first step is to analyze the words of the statute in context with related provisions and to give the words their plain and commonsense meaning. *(People v. McHenry* (2000) 77 Cal.App.4th 730, 732–733 [91 Cal.Rptr.2d 877].) The court can neither insert language that has been left out nor omit language that has been inserted. *(California School Employees Assn. v. Kern Community College Dist.* (1996) 41 Cal.App.4th 1003, 1011 [48 Cal.Rptr.2d 889].) " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' [Citation.]" *(Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].)

"However, the literal meaning of a statute must be in accord with its purpose as the Supreme Court noted in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 658–659 [25 Cal.Rptr.2d 109, 863 P.2d 179], as follows: 'We are not prohibited "from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute]. . . ." [Citation.]' " *People v. McHenry, supra,* 77 Cal.App.4th 730, 733.)

■ Finally, "[w]hen a statutory provision is ambiguous and there is no clear case or other persuasive authority on the subject, 'contemporaneous administrative construction of a statute by an administrative agency charged with its enforcement and interpretation is entitled to great weight unless it is clearly erroneous or unauthorized. [Citations.]' [Citations.]" *(McGraw v. Department of Motor Vehicles* (1985) 165 Cal.App.3d 490, 493 [211 Cal.Rptr. 620].)

### C. *The Pertinent Statutes*

■ Under the Brady-Jared Teen Driver Safety Act of 1997, the DMV may suspend the license of a minor driver for 30 days if he or she has been assigned two or more violation points within a 12-month period. (§ 12814.6, subds. (f)(2), (k).[3]) Section 12810 sets forth the conditions under which drivers will be assessed points on their driving records.

---

[3] Section 12814.6, subdivision (f)(2) provides: "A 30-day restriction shall be imposed when a driver's record shows a violation point count of two or more points in 12 months, as determined in accordance with Section 12810. The restriction shall require the licensee to be accompanied by a licensed parent, spouse, guardian, or other licensed driver 25 years of age or older, except when operating a class M vehicle, . . . with no passengers aboard."

Section 12810, subdivision (f) provides, "Except as provided in subdivision (i)[4], any other traffic conviction involving the safe operation of a motor vehicle upon the highway shall be given a value of one point." Section 12810, subdivision (g) provides, "Any traffic accident in which the operator is deemed by the department to be responsible shall be given a value of one point." Section 12810, subdivision (j) provides, "A conviction for only one violation arising from one occasion of arrest or citation shall be counted in determining the violation point count for the purposes of this section."

### D. *Analysis*

This case presents an issue of first impression: the parties have not cited any published California cases addressing whether section 12810, subdivision (j) has any effect on the violation points imposed under section 12810, subdivisions (f) and (g), and our own research has revealed none.

#### 1. *Section 12810 Is Not Ambiguous*

Subdivisions (f) and (g) of section 12810 are not on their face ambiguous: each subdivision states circumstances under which points are to be assessed: traffic convictions involving safe operation of a vehicle and accidents in which the operator is deemed to be at fault. Essayli argues, however, that subdivision (j) of section 12810 creates an ambiguity in the application of the statute. That subdivision states that "only one violation arising from one occasion of arrest or citation shall be counted in determining the violation point count . . . ." (§ 12810, subd. (j).) Essayli asserts that an "occasion of arrest or citation" does not exclude an accident, and thus subdivision (j) should be interpreted to mean that only one point should be imposed for an accident and conviction arising from a single incident.

We disagree. Essayli focuses on the wrong words in the statute. Section 12810, subdivision (j) states that only one *conviction* for only one violation arising from a single occasion shall be counted in determining the violation point count. Thus, subdivision (j), on its face, applies to the situation in which a driver violates multiple traffic safety statutes in a single incident and provides that only one conviction will be counted. For example, a driver could be convicted of both running a red light and violating the basic speed law in a single incident, but under the statute, only one conviction would be considered in determining the violation point count. If the Legislature wished to limit the points to be imposed in a single *incident* it would not have used the word *conviction*.

---

[4] Section 12810, subdivision (i)(1) through (3) specifies situations in which points will not be awarded; however, those situations have no relevance to the facts before us.

Essayli argues, and the trial court concluded, that every accident for which the driver is deemed at fault will necessarily result in a traffic conviction, and the Legislature did not intend for the resulting two points on a minor driver's record to lead to a license restriction. However, if we were to adopt this position, subdivision (g) of section 12810 would become mere surplusage— there would be no need for a separate provision assigning points to an accident for which the driver is at fault when only one point could be imposed for both the resulting citation and accident.

██ We conclude that the statute is unambiguous on its face, and there is no need for statutory construction. The statute provides that separate points may be imposed for a traffic safety conviction and an accident arising from the same incident.

> 2. *Imposing Points for a Traffic Conviction and an Accident Arising from the Same Incident Does Not Lead to an Absurd Result*

The trial court concluded that every accident in which a minor driver is found to be at fault will necessarily lead to a traffic conviction[5] and thus will necessarily result in a license restriction if separate points are imposed for the conviction and accident. Essayli contends that this leads to an absurd result. Essayli posits that (1) the purpose of restricting a minor's license when the minor receives two points within a 12-month period is to deter unsafe behavior; (2) to establish unsafe behavior, a pattern of negligence is required; and (3) imposing two points for an accident and traffic conviction arising from a single incident does not establish a pattern of negligence.

██ We disagree. A violation of a traffic safety statute that leads to an accident is inherently more serious than such a violation that leads merely to a citation and conviction. Thus, the Legislature did not create an absurd result by enacting a statute that allows a 30-day restriction on the license of a minor who has both violated a traffic safety statute and caused an accident in a single incident.

---

[5] The trial court noted that exceptions might apply because of a "bureaucratic screw-up," such as when the officer failed to show up to testify or for other reasons "that don't relate to the basic fairness of the application of this law."

## DISPOSITION

The judgment is reversed. Appellant is to recovers its costs on appeal.

Richli, J., and Gaut, J., concurred.