[No. B129910. Second Dist., Div. Five. Jan. 18, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
ROYAL PORTER McHENRY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the indicated portions.

**COUNSEL**

Michael J. Egan, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, and G. Tracey Letteau, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.**—Defendant, Royal Porter McHenry, appeals after a jury trial from a petty theft with a prior conviction. (Pen. Code,[1] § 666.) The jury found defendant had served a prior separate prison term within the meaning of section 667.5, subdivision (b). Defendant was sentenced to four years in state prison. The court imposed: a $5,000 restitution fine pursuant to section 1202.4; a $5,000 suspended restitution fine under section 1202.45; and a penalty assessment in the amount of $5,000 pursuant to section 1464. Defendant received presentence custody credit for 202 days of actual custody, and 101 days of conduct credit, for a total of 303 days. In the published portion of the opinion, we address the propriety of the $5,000 penalty assessment that was imposed.

. . . . . . . . . . . . . . . . . . . . . . . . . . .*

 Defendant argues that it was improper for the trial court to have imposed a $5,000 penalty assessment on the section 1202.4, subdivision (b)(1) and 1202.45 restitution fines. We agree. This is an issue of statutory interpretation. We apply the following standard of statutory review described by the California Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent. [Citation.]" (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; *People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) The Supreme Court has emphasized that the words in a statute selected by the Legislature must be given a commonsense meaning when it noted: " 'Our first step [in determining the

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

*See footnote, *ante*, page 730.

Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (*Mercer* v. *Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404]; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)' (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999].)" (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) Further, our Supreme Court has noted: " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' [Citation.]" (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) However, the literal meaning of a statute must be in accord with its purpose as the Supreme Court noted in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179], as follows: "We are not prohibited 'from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. ■ The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute]. . . .' [Citation.]" In *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299], our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation] . . . ." The Supreme Court has held: " 'The courts must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers.' (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813 [114 Cal.Rptr. 577, 523 P.2d 617].)" (*Webster v. Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596].) Further, the Supreme Court has held: "We have recognized that a wide variety of factors may illuminate the legislative design, ' "such as context, the object in view, the evils to be remedied, the history of the time and of legislation upon the same subject, public policy and contemporaneous construction." ' (*In re Marriage of Bouquet* [(1976)] 16 Cal.3d 583, 587 [128 Cal.Rptr. 427, 546 P.2d 1371], quoting *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].)" (*Walters v. Weed* (1988) 45 Cal.3d 1, 10 [246 Cal.Rptr. 5, 752 P.2d 443].)

■ There are two relevant types of penalty assessments—those collected pursuant to section 1464, subdivision (a) and those assessed in

compliance with Government Code section 76000, subdivision (a). (See *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1521 [77 Cal.Rptr.2d 492].) We conclude, based on the explicit language of section 1202.4, subdivision (e), that restitution fines are not subject to penalty assessments pursuant to section 1464, subdivision (a) and Government Code section 76000, subdivision (a). Section 1202.4, subdivision (e) explicitly provides: "The restitution fine shall not be subject to penalty assessments as provided in Section 1464, and shall be deposited in the Restitution Fund in the State Treasury." (See *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1256 [82 Cal.Rptr.2d 231].) There can be no question that section 1202.4, subdivision (e) explicitly bars the collection of penalty assessments pursuant to section 1464, subdivision (a). As to Government Code section 76000, subdivision (a), the issue is closer but the result is the same. Government Code section 76000, subdivision (a) states in pertinent part, "In each county there shall be levied an additional penalty of seven dollars ($7) for every ten dollars ($10) or fraction thereof which *shall be collected together with and in the same manner* as the amounts established by Section 1464 of the Penal Code, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ." (Italics added.) The specific words selected by the Legislature are that the Government Code section 76000, subdivision (a) assessment shall be collected "together with and in the same manner" as the section 1464, subdivision (a) amounts. As noted previously, no penalty assessment pursuant to section 1464, subdivision (a) may be collected on a restitution fine. Imposition of a Government Code section 76000, subdivision (a) assessment is dependent on whether one may be imposed in compliance with section 1464, subdivision (a). Since no penalty assessment can lawfully be imposed pursuant to section 1464, subdivision (a), neither is it permissible to assess one pursuant to Government Code section 76000, subdivision (a). The express language selected by the Legislature is indicative of an unmistakable legislative intent that no penalty assessments be imposed on restitution fines. Further, there appear to be no committee reports or the like that indicate a different intention on the part of the Legislature. Hence, the order imposing a $5,000 penalty assessment is reversed.

. . . . . . . . . . . . . . . . . . . . . . . . . .*

The judgment is modified to award presentence custody credit of 301 days consisting of 201 days of actual custody credit and 100 days of conduct credit and to omit the $5,000 penalty assessment imposed under Penal Code section 1464. On remand, the clerk of the superior court shall prepare and

*See footnote, *ante*, page 730.

deliver to the Department of Corrections an amended abstract of judgment consistent with this opinion. In all other respects, the judgment is affirmed.

Armstrong, J., and Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 26, 2000.