[No. H026774. Sixth Dist. Jan. 5, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ANDERS SORENSON, Defendant and Appellant.

COUNSEL

William M. Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WALSH, J.**—After his suppression motion was denied, a criminal defendant agreed to resolve the felony drunk driving charges against him by a plea that would result in a two-year prison sentence. The defendant said that he understood that among the additional consequences of his plea were: "You can be ordered to pay fines and fees totaling as much as 5,000 dollars." "You can be ordered to contribute 10,000 dollars to the State Restitution Fund with a required minimum contribution of 200 dollars." He asked for and received immediate sentencing.

The defendant did not object when the court orally imposed, in addition to the agreed prison term, a $1,000 state restitution fine pursuant to Penal Code section 1202.4[1] and a concurrent $500 fine "with the appropriate penalty assessment." The resulting minute order calculated the penalty assessments to be $1,125 and also reflected an additional suspended restitution fine of $1,000 pursuant to section 1202.45. Here we will conclude that defendant was adequately advised of the potential fines and assessments to which a guilty plea would subject him and that, since they were not made part of the plea agreement, their imposition did not violate the agreement.

PROCEEDINGS

After a preliminary examination on August 22, 2003, an information charged defendant John Anders Sorenson with the felonies of driving under the influence of alcohol with six prior convictions for the same crime (count 1; Veh. Code, § 23152, subd. (a)) and driving with a blood-alcohol level of at least .08 percent (count 2; Veh. Code, § 23152, subd. (b)) and the misdemeanors of driving with a license that was suspended or revoked due to both a prior driving under the influence conviction (count 4; Veh. Code, § 14601.2, subd. (a)) and refusal of an alcohol test (count 3; Veh. Code, § 14601.5, subd. (a)) with a prior conviction of driving on a suspended license.

---

[1] Unspecified section references are to the Penal Code.

After his suppression motion was denied on October 17, 2003, defendant agreed to the following disposition on October 21, 2003, as described by the trial court. Defendant "will be pleading guilty or no contest to Counts Two and Four and admitting any allegations which pertain to those Counts based upon the understanding that he will be sentenced to state prison for two years and based upon the further understanding that he will be giving up or waiving his right to one half of the credits, credit for time served that he is entitled to as of today's date, which means . . . the end result will be that he will be sentenced to two years today with credit for 55 days." Defendant agreed that was the disposition.

The trial court proceeded to admonish defendant regarding his constitutional rights and the possible consequences of his entering a plea to the charges. Among other things, the court advised defendant that he would be on parole for three years upon release from prison. "There are additional consequences that you should be aware of. You can be ordered to pay fines and fees totaling as much as 5,000 dollars." "You can be ordered to contribute 10,000 dollars to the State Restitution Fund with a required minimum contribution of 200 dollars." "Did you understand all of the consequences which I just mentioned?" Defendant replied that he did understand these consequences. The court did not give defendant a section 1192.5 admonition.[2]

After waiving his rights to trial, to cross-examine witnesses, to testify, to remain silent, and to call witnesses, defendant entered no contest pleas to counts 2 and 4 and admitted he had six prior driving under the influence convictions and one prior driving on a suspended license conviction.

Defendant desired to be sentenced the same day. The trial court proceeded immediately to sentence defendant to a two-year prison term. The court further imposed "a fine in the amount of 500 dollars with the appropriate penalty assessment. That fine is ordered to run concurrent to the sentence just imposed. [¶] . . . [¶] The Court will order a 1,000 dollar State Restitution Fine." The court also imposed a 90-day concurrent term and no fine for the misdemeanor of driving on a suspended license. The defense lodged no objection to the fines mentioned by the court.

---

[2] Section 1192.5 requires a court to advise a defendant "prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so."

The minute order of the same day reflects that the concurrent penalty assessment is $1,125, and that an additional fine of $1,000 was imposed and suspended pursuant to section 1202.45.[3]

THE FINE AND PENALTY ASSESSMENT STATUTES

Many penal statutes provide for imposition of a fine in addition to a jail or prison sentence. Vehicle Code former section 23550 provided in part: "(a) If any person is convicted of a violation of Section 23152 and the offense occurred within seven years of three or more separate violations of Section 23103, as specified in Section 23103.5, or Section 23152 or 23153, or any combination thereof, which resulted in convictions, that person shall be punished by imprisonment in the state prison, or in a county jail for not less than 180 days nor more than one year, and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000)."[4] Section 1463.001 provides for how the county treasurer is to distribute these "base fines" among government agencies and funds.

■ The Legislature has superimposed onto the base fine scheme a number of penalties, assessments, fees, and surcharges that could increase the base fine in this case by over 240 percent. Although the record in this case does not identify the components of the $1,125 penalty assessment imposed, there are at least eight possible assessments. Section 1464, subdivision (a) provides for a state penalty assessment in the same amount (100 percent) as the base fine. While it attaches to almost all other fines, this state penalty assessment does not attach to restitution fines under section 1202.4. (§ 1202.4, subd. (e); *People v. McHenry* (2000) 77 Cal.App.4th 730, 734 [91 Cal.Rptr.2d 877].) As we have explained in *People v. Dickerson* (2004) 122 Cal.App.4th 1374 [19 Cal.Rptr.3d 545] (*Dickerson*), a restitution fine between $200 and $10,000 is virtually mandatory. An additional restitution fine in the same amount is mandated by section 1202.45, although this fine is suspended unless the person's parole is revoked.

■ Other fines and fees also attach to a penalty assessment imposed and collected under section 1464: (1) a state court construction penalty of $5 for every $10 (50 percent) of the penalty assessment (Gov. Code, § 70372, subd. (a); eff. in 2003); (2) a county penalty assessment of $7 for every $10 (70 percent) (Gov. Code, § 76000, subd. (a)); (3) a state surcharge of 20 percent (§ 1465.7, eff. in 2003); and (4) a court security fee of $20 (§ 1465.8,

---

[3] Neither the minute order nor the abstract of judgment reflects the components of the penalty assessment totaling $1,125. A box on the abstract of judgment showing a fine pursuant to Vehicle Code section 23550 is unchecked.

[4] The same range of fines attaches to a first (Veh. Code, § 23536), second (Veh. Code, § 23540), and third conviction (Veh. Code, § 23546) for driving under the influence.

subd. (a)(1), eff. Aug. 17, 2003). (5) A $1 night court assessment may also attach when courts that conduct night sessions collect fines for Vehicle Code violations. (Veh. Code, § 42006.)

■ The penalty assessments under section 1464 and Government Code section 76000 have been determined to be mandatory (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1155 [119 Cal.Rptr.2d 922, 46 P.3d 388]) and subject to imposition on appeal even if the prosecutor failed to object to the trial court's oversight. (*Id.* at p. 1157; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1521–1523 [77 Cal.Rptr.2d 492]; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413–1415 [118 Cal.Rptr.2d 99].)

■ Additional fines and fees attach to a conviction of driving under the influence if a court determines the defendant has an ability to pay, including: (6) "an alcohol abuse education and prevention penalty assessment" of no more than $50 (Veh. Code, § 23645); (7) a "county alcohol and drug problem assessment" of no more than $100 (Veh. Code, § 23649); and (8) a county alcohol testing penalty of no more than $50 (§ 1463.14, subd. (b)).

### 1. DID THE FINES AND PENALTY ASSESSMENTS VIOLATE DEFENDANT'S PLEA BARGAIN?

Although defendant did not object in the trial court, on appeal defendant "contends that any lawfully imposed restitution fines under sections 1202.4[, subdivision] (b) and 1202.45 must be reduced to the statutory minimums of $200 under the compulsion of *People v. Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861] (*Walker*). Also, under the logic of *Walker*, the $500 fine imposed pursuant to Vehicle Code section 23550 (hereinafter 'DUI fine') must be reduced to the statutory minimum of $390, with a corresponding reduction in the penalty assessment imposed." Defendant further contends "the penalty assessment imposed on the DUI fine violated the plea bargain" since there was no advisement whatsoever about either the penalty assessment or the fine under section 1202.45.

■ We have invited the parties' attention to our interpretation of *Walker* in our recent decision in *Dickerson, supra,* 122 Cal.App.4th 1374. Without restating the entire discussion, our conclusion was: "*Walker held* that the court should always admonish the defendant of the statutory minimum $100 and maximum $10,000 restitution fine as one of the consequences of *any* guilty plea, and should give the section 1192.5 admonition whenever required by that statute.' (*Walker, supra,* 54 Cal.3d 1013, 1030.) *Walker recommended* that courts and the parties should take care to consider restitution fines during the plea negotiations.' (*Ibid.*) The court 'implicitly found that the defendant *in that case* reasonably could have understood the negotiated plea agreement to

signify that no substantial fine would be imposed.' (*In re Moser* [(1993)] 6 Cal.4th [342,] 356 [24 Cal.Rptr.2d 723, 862 P.2d 723]; [*People v.*] *McClellan* [(1993)] 6 Cal.4th [367,] 379–380 [24 Cal.Rptr.2d 739, 862 P.2d 739].)

■ "But *Walker* should not be understood as finding that the restitution fine has been and will be the subject of plea negotiations in every criminal case. 'The parties to a plea agreement are free to make any lawful bargain they choose.' (*People v. Buttram* (2003) 30 Cal.4th 773, 785 [134 Cal.Rptr.2d 571, 69 P.3d 420].) *Walker* does not prohibit criminal defendants from striking whatever bargains appear to be in their best interests, including leaving the imposition of fines to the discretion of the sentencing court." (*Dickerson, supra,* 122 Cal.App.4th at p. 1384.)

■ In *Dickerson,* we concluded that a defendant cannot establish that a later imposed fine violated his or her plea agreement without evidence that the agreement was for no fine or for a minimum fine within a statutory range. The trial court's failure to recite an agreement on the fine does not establish there was an agreement on a minimum fine. To the contrary, it suggests an implicit agreement that the imposition and amount of any fines was left to the discretion of the sentencing court. Such an implicit agreement is further confirmed when, prior to entering a guilty plea, a defendant acknowledges without objection that the court may impose fines above a stated minimum amount.

In *Dickerson,* the implicit agreement to leave this topic to the sentencing court was further confirmed by the defendant's failure to object at his subsequent sentencing to the probation report's recommendation and the court's imposition of restitution fines fixed pursuant to the statutory formula in sections 1202.4, subdivision (b), and 1202.45. In contrast, in this case there was no probation report because defendant agreed to immediate sentencing.[5] But otherwise defendant here is in the same position as Dickerson. He did not object either when advised that fines within a specified range would be imposed or when the fines were imposed minutes later.

In supplemental briefing defendant contends that, as in *Walker,* his plea bargain "also contained an *implied* promise to the defendant that no substantial fines would be imposed." However, he points to no evidence that there was any express or implicit agreement on the imposition or amount of any fine or penalty assessment other than that these penalties were left to the

---

[5] Because the change of plea and sentencing occurred at the same hearing, we asked the parties to brief the issue whether a section 1192.5 admonition makes sense in such a unitary hearing at which the sentencing court would not be giving "further consideration" to new information. In light of our other conclusions here, we need not answer the question we raised.

sentencing court's discretion. We adhere to our reasoning in *Dickerson* and conclude that imposition of the fines, both the restitution and DUI fines, and the penalty assessment did not amount to a violation of defendant's plea bargain.[6]

### 2. DID THE COURT FAIL TO PROVIDE PREPLEA ADVICE TO DEFENDANT OF APPLICABLE FINES AND PENALTIES?

*Walker* established that payment of a restitution fine is among the direct consequences of a guilty plea about which a defendant should be admonished. After that decision, former section 1202.45 was enacted to require imposition of "additional restitution fines" in the same amount as the restitution fine under section 1202.4 to be imposed and suspended until parole was revoked. It is a logical extension of *Walker* that the section 1202.45 fine is also a direct consequence of a guilty plea about which defendant should have been advised.

Vehicle Code section 23550 (quoted *ante*) contemplates a fine between $390 and $1,000 for a conviction of driving under the influence. As spelled out above (beginning on p. 617), a host of penalty assessments attach to any court fine. Also other assessments and penalties attach to a conviction of driving under the influence. It is a logical extension of *Walker* that each of these fines and assessments was a direct consequence of a guilty plea to defendant's seventh conviction for driving under the influence, and defendant should have been so advised by the court.

In this case defendant was judicially advised, "You can be ordered to pay fines and fees totaling as much as 5,000 dollars." "You can be ordered to contribute 10,000 dollars to the State Restitution Fund with a required minimum contribution of 200 dollars."

On appeal defendant makes the assumption that the above quoted advice pertained only to the DUI fine and to the restitution fine under section 1202.4. Accordingly, he concedes that he was advised by the court about those fines. However, defendant contends that he received "no advisements whatsoever" about the section 1202.45 suspended restitution fund fine and about the penalty assessment under section 1464. The Attorney General responds that defendant was advised "of the pertinent direct consequences of his plea."

We do not think the court's advice is reasonably subject to defendant's narrow construction. Advice that defendant could be ordered to pay fines

---

[6] Since there was no bargain for a $390 minimum fine under Vehicle Code section 23550, we need not resolve the parties' dispute about whether a $500 fine represents a "significant deviation" from that bargain. (*Walker, supra,* 54 Cal.3d at p. 1029.)

totaling $5,000 could not possibly refer simply to the DUI base fine, which is limited to a range of $390 to $1,000. It is true that the trial court did not comprehensively advise defendant that it was likely to impose a base fine under Vehicle Code section 23550 of $500, which in turn required: a penalty assessment of $500 under section 1464, subdivision (a); a state court construction penalty of $250 under Government Code section 70372, subdivision (a); a county penalty assessment of $350 under Government Code section 76000; a state surcharge of $100 under section 1465.7; a court security fee of $20 under section 1465.8, subdivision (a)(1);[7] and a night court assessment of $1 under Vehicle Code section 42006. Nor did the court advise that defendant could be ordered to pay an alcohol abuse education and prevention penalty assessment of $50 under Vehicle Code section 23645, a county alcohol and drug problem assessment of $100 under Vehicle Code section 23649, and a county alcohol testing penalty of $50 under section 1463.14, subdivision (b).

■ However, the law requires only that a defendant be advised generally of the " 'permissible range of punishment provided by statute' " (*People v. Barella* (1999) 20 Cal.4th 261, 266 [84 Cal.Rptr.2d 248, 975 P.2d 37], quoting *Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]), not specifically about each of the components of which a hypothetical maximum punishment might consist. "Common sense dictates that the court need only apprise defendant of the sentence possibilities in a general fashion. It is not necessary that defendant be given a detailed lecture on criminal procedure as it pertains to all the various dispositional devices available." (*Scoggins v. Superior Court* (1977) 65 Cal.App.3d 873, 877 [135 Cal.Rptr. 619].)

In *People v. Nystrom* (1992) 7 Cal.App.4th 1177 [10 Cal.Rptr.2d 94] the defendant was advised in writing that he could get a maximum penalty of four years in prison and a $20,000 fine and that another possible consequence of his guilty plea was " 'restitution and/or a restitution fine. ($100–$10,000) . . . .' " (*Id.* at p. 1180.) On appeal he complained about the imposition of victim restitution of $12,866. (*Id.* at p. 1179.) The Court of Appeal interpreted this form as advising the defendant "that his maximum monetary liability might be as much as $30,000 ($20,000 penalty fine plus $10,000 restitution and/or restitution fine)." (*Id.* at p. 1181.) The court concluded, "the defendant has no basis for complaint where the total monetary liability (the combined amount of fines and restitution) does not exceed the maximum of which the defendant was advised." (*Id.* at p. 1181.)

---

[7] The total of these five mandatory assessments is $1,120, only $5 less than the penalty assessments imposed in this case.

■ In this case, defendant was advised that he could be ordered to contribute $10,000 to the State Restitution Fund. In fact, the court imposed a total of $2,000 in restitution fines, with half suspended pursuant to section 1202.45. Defendant was advised generally that he might be ordered to pay fines and fees of $5,000. In fact, the court imposed a total of $1,625 in fines, fees, and penalty assessments. Under these circumstances we conclude that defendant was adequately advised about the potential amount of the penalties he faced.[8] The trial court was not required to cite every possibly applicable statute in advising defendant.[9]

## DISPOSITION

The judgment is affirmed.

Rushing, P. J., and Premo, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 13, 2005. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.

---

[8] In *Dickerson, supra,* 122 Cal.App.4th at pages 1386–1387, we concluded that the defendant had forfeited any complaint about the lack of advice about the fine under section 1202.45 by failing to object at sentencing when the fine was imposed. We do not reach the same conclusion in this case as to this fine or the penalty assessments, as it appears that the court did not orally impose either of them. Instead, their calculation appears only in court's minutes. Defendant therefore had no real opportunity to object when they were imposed by way of minute order. (*People v. Martinez* (2002) 95 Cal.App.4th 581, 587 [115 Cal.Rptr.2d 574].)

[9] In this case the restitution fund fine advice about a total of $10,000 was adequate because the total amount imposed under sections 1202.4 and 1202.45 was less than $10,000. However, in light of the enactment of section 1202.45, it would be better for a trial court to advise the defendant not only of the range of the potential restitution fund fine but also of the additional and identical fine to be imposed and suspended unless parole is revoked. Alternatively, the court should at least generally advise a defendant that restitution fund fines of up to $20,000 could be imposed, if the court does not want to specify the possible amounts under each statute.