60 Cal.Rptr.3d 261 (2007)
150 Cal.App.4th 1288
The PEOPLE, Plaintiff and Respondent,
v.
Jesus R. CHAVEZ, Defendant and Appellant.
No. B190270.
Court of Appeal of California, Second District, Division Five.
April 19, 2007.
As Modified on Denial of Rehearing May 21, 2007.
*262 Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
TURNER, P.J.

I. INTRODUCTION
Defendant, Jesus R. Chavez, appeals from his cocaine possession conviction (Health & Saf.Code § 11350, subd. (a)) and the trial court's finding that he was previously convicted of a serious felony and served four prior prison terms. (Pen. Code,[1] §§ 667, subd. (b)-(i), 667.5, subd. (b), 1170.12.) Defendant contends the trial court should have dismissed his prior conviction finding. In the published portion of this appeal, we discuss the effects of the section 1465.7, subdivision (a) state surcharge and Government Code section 70372, subdivision (a) state court construction penalty on the fines typically imposed in a cocaine possession case. We modify the fines imposed but otherwise affirm the judgment.

II. DISCUSSION

A. Drug Laboratory Fee
The trial court did not impose a Health and Safety Code section 11372.5, subdivision (a) laboratory fee. The Attorney General argues that the trial court erroneously failed to impose the Health and Safety Code section 11372.5, subdivision (a) drug laboratory fine and two penalty assessments, one surcharge, and a construction penalty. We largely are in agreement. Health and Safety Code section 11372.5, subdivision (a), provides in relevant part: "Every person who is convicted of a violation of Section 11350 ... shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense." The drug laboratory fee is mandatory and should have been imposed. (People v. Turner (2002) 96 Cal. App.4th 1409, 1413, 118 Cal.Rptr.2d 99; see People v. Martinez (1998) 65 Cal. App.4th 1511, 1519, 77 Cal.Rptr.2d 492.)
But that is not where matters end. First, the trial court was obligated to impose penalty assessments pursuant to section 1464, subdivision (a) in the sum of $50 and Government Code section 76000, subdivision (a) in the amount of $35 on the Health and Safety Code section 11372.5, subdivision (a) drug laboratory fee. (People v. Talibdeen (2002) 27 Cal.4th 1151, 1153, 119 Cal.Rptr.2d 922, 46 P.3d 388; *263 People, v. Martinez, supra, 65 Cal.App.4th at p. 1519, 77 Cal.Rptr.2d 492.)
Second, the trial court was obligated to impose a 20 percent state surcharge on the drug laboratory fine. Section 1465.7, subdivisions (a) and (b) state: "(a) A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464. [¶] (b) This surcharge shall be in addition to the state penalty assessed pursuant to Section 1464 of the Penal Code and may not be included in the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464." The language utilized by the Legislature is mandatory and contains no exceptions. Thus, as in similar situations, the failure to impose the mandatory 20 percent state surcharge is a jurisdictional error which may be corrected for the first time on appeal. (People v. Talibdeen, supra, 27 Cal.4th at pp. 1153-1154, 119 Cal.Rptr.2d 922, 46 P.3d 388 [§ 1464, subd. (a) and Gov.Code, § 76000, subd. (a) penalty assessments]; People v. Smith (2001) 24 Cal.4th 849, 853, 102 Cal.Rptr.2d 731, 14 P.3d 942 [§ 1202.45 parole revocation fine]; People v. Taylor (2004) 118 Cal.App.4th 454, 456-457, 12 Cal.Rptr.3d 923 [§ 1465.7, subd. (a) state surcharge]; People v. Martinez, supra, 65 Cal.App.4th at pp. 1519-1520, 77 Cal.Rptr.2d 492 [drug laboratory fee].) Thus, the $50 Health and Safety Code section 11372.5, subdivision (a) fine is subject to a $10 state surcharge. The section 1465.7, subdivision (a) state surcharge does not apply `though to the section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments. The 20 percent state surcharge is only imposed on the base fine the Health and Safety Code section 11372.5, subdivision (a) laboratory fee. (§ 1465.7, subd. (a).)
Third, the drug laboratory fee is subject to the state court construction penalty set forth in Government Code section 70372, subdivision (a) which states in relevant part, "[T]here shall be levied a state court construction penalty, in addition to any other state or local penalty including, but not limited to, the penalty provided by Section 1464 of the Penal Code and Section 76000 of the Government Code, in an amount equal to five dollars ($5) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses...." The state court construction penalty applies to all fines which includes the Health and Safety Code section 11372.5, subdivision (a) laboratory fee. Health and Safety Code section 11372.5, subdivision (a) refers to the fee as an increment of the total fine.[2] The laboratory fee is an increment of the total fines imposed by the trial court. (People v. Martinez, supra, 65 Cal.App.4th at p. 1522, 77 Cal.Rptr.2d 492; People v. Sanchez *264 (1998), 64 Cal.App.4th 1329, 1332, 76 Cal.Rptr.2d 34.) Hence, the $25 state court construction' penalty is to be added to the Health and Safety Code section 11372.5, subdivision (a) laboratory fee. (People v. Taylor, supra, 118 Cal.App.4th at pp. 456-457,12 Cal.Rptr.3d 923.)
Fourth, the Government Code section 70372, subdivision (a) state court construction penalty extends to the section 1464, subdivision (a) and Government Code section 76000 subdivision (a) penalty assessments as well. Thus, on the $50 section 1464, subdivision (a) penalty assessment, an additional $25 state court construction penalty must be imposed. As to the Government Code section 76000, subdivision (a) penalty assessment, the issue is somewhat more complex because, as noted, that sum in this case is $35. Government Code section 70372, subdivision (a) refers to a penalty equal to "five dollars ($5) for every ten dollars ($10) or fraction thereof on a fine or penalty that is imposed. Common sense tells us that the "or fraction thereof language means that the state court construction penalty on the Government Code section 76000, subdivision (a) penalty assessment in this case is $17.50. ($15 for the first $30 and $2.50 for the final $5 which is the "fraction thereof.")
There is one problem that remains to be resolved. In People v. Taylor, supra, 118 Cal.App.4th at pages 457-60, 12 Cal.Rptr.3d 923, our colleagues in the Third Appellate District held that the state court construction penalty must be imposed but is subject to reduction depending on the amount of county funding provided to the Government Code section 76100 local Courthouse Construction Fund and the Government Code section 70401 Transitional State Court Facilities Construction Fund. In Taylor, the court held, as we do, that the Health and Safety Code section 11372.5, subdivision (a) drug laboratory fee is subject to the Government Code section 70372, subdivision (a) state court construction penalty. (Id. at pp. 456-459, 12 Cal.Rptr.3d 923.) But the court in Taylor concluded that the state court construction penalty was subject to reduction pursuant to Government Code section 70375, subdivision (b) which states in part: "(b) In each county, the amount authorized by Section 70372 shall be reduced by the following: [¶] (1) The amount collected for deposit into the local courthouse construction fund established pursuant to Section 76100. [¶] (2) The amount collected for transmission to the state for inclusion in the Transitional State Court Facilities Construction Fund established pursuant to Section 70401 to the extent it is funded by money from the local courthouse construction fund."[3] The Court of *265 Appeal held the state court construction penalty must be reduced by amounts deposited by the county treasurer in the local Courthouse Construction Fund or the Transitional State Court Facilities Construction Fund. (People v. Taylor, supra, 118 Cal.App.4th at p. 459, 12 Cal.Rptr.3d 923.) As a result, the court concluded: "We are unable to determine whether Sacramento County has established a local courthouse construction fund under Government Code section 76100 or whether Sacramento County is participating in the Transitional State Court Facilities Construction Fund under Government Code section 70401. Therefore, we are unable to determine whether this surcharge should be reduced in accordance with Government Code section 70375. We shall remand the case to the trial court to make these factual findings." (Id. at p. 460, 12 Cal.Rptr.3d 923.)
We respectfully disagree with that portion of the Taylor opinion which held the state court construction penalty must be reduced depending on whether a county contributes to the local Courthouse Construction Fund or the Transitional State Court Facilities Construction Fund. As noted, Government Code section 70375, subdivision (b) requires that the amount "authorized by Government Code section 70372" be "reduced" by the amounts collected for deposit into two separate funds. The first fund is the local Courthouse Construction Fund established by Government Code section 76100.[4] (Gov.Code, § 70375, subd. (b)(1).) The second fund is the Transitional State Court Facilities Construction Fund established pursuant to *266 Government Code section 70401.[5] In Taylor, the court held that the amount of the state court construction penalty was to be reduced by the sums paid into these two funds.
We believe the reduction specified in Government Code section 70375, subdivision (b) refers not to the state court construction penalty but to the funds transferred by a county treasurer to the State Controller as required by Government Code section 70372, subdivision (f). Government Code section 70372, subdivision (f) states, "Within 45 days after the end of the month that moneys are deposited in the county treasury pursuant to subdivision (a) or (b), the county treasurer shall transmit the moneys to the State Controller, to be deposited in the State Court Facilities Construction Fund." As noted, Government Code section 70372, subdivision (a) enacted the state court construction penalty. Government Code section 70372, subdivision `(b), enacted a state court construction penalty for parking offenses. Both Government Code section 70372, subdivisions (a) and (b) require that the clerk of the court transmit the state court construction penalties collected to the county treasury.[6] Within 45 days after *267 the end of the month that the moneys are deposited in the county treasury, the county treasurer is to transmit the penalties collected to the State Controller who in turns deposits the funds in the State Court Facilities Construction Fund as required by Government Code section 70372, subdivision (f). It is this payment by the county treasurer to the State Controller made pursuant to Government Code section 70372, subdivision (f) that is reduced pursuant to Government Code section 70375, subdivision (b)not the state court construction penalty itself. The reduction occurs because the amounts collected for the Government Code section 76100 local Courthouse Construction Fund or the Government Code section 70401 Transitional State Court Facilities Construction Fund go for courthouse maintenance and construction.
Further, there is no evidence the Legislature intended the state court construction penalty be reduced by the amounts collected for deposit into the Government Code section 76100 local Courthouse Construction Fund or the Government Code section 70401 Transitional State Court Facilities Construction Fund. No method for calculating the reduction is specified by the Legislature. No time frame has been specified for calculating when the reductions are to occur. It would be an insurmountable bureaucratic task to calculate the reduction given the fluctuating sums collected for the two funds and the dates the moneys are transmitted by the county treasurer to the State Controller. To reduce the* state court construction penalty as suggested by Taylor would create the oddest fine, penalty, fee, or other assessment ever imposed in our state's history. Finally, none of the legislative committee reports prepared in connection with the passage of Senate Bill No. 1732 (2001-2002 Reg. Sess.) indicate any reduction of the Government Code section 70372, subdivision (a) state court construction penalty was to occur under any circumstances. (Rep. prepared for Sen. Judiciary Com. on Sen. Bill No. 1732 (2001-2002 Reg. Sess.) Apr. 16, 2002; Appropriations Com. Fiscal Summary for Sen. Bill No. 1732 (2001-2002 Reg. Sess.) May 13, 2002; Sen. Rules Com., 3d reading analysis of Sen. Bill No. 1732 (2001-2002 Reg. Sess.) as amended May 24, 2002; Appropriations Com. Fiscal Summary for Sen. Bill No. 1732 (2001-2002 Reg. Sess.) May 23, 2002; Rep. prepared for Assem. Com. on Judiciary on Sen. Bill No. 1732 (2001-2002 Reg. Sess.) June 25, 2002; Rep. prepared for Assem. Appropriations Com. on Sen. Bill No. 1732 (2001-2002 Reg. Sess.) as amended June 28, 2002; Sen. Rules Com., 3d reading analysis of Sen. Bill No. 1732 (2001-2002 Reg. Sess.) Aug. 29, 2002; Sen. Rules Com., unfinished business analysis of Sen. Bill No. 1732 (2001-2002 Reg. Sess.) as amended Aug. 29, 2002.) None of the foregoing legislative committee reports contains a single phrase, sentence, or paragraph which suggests that the deduction specified in Government Code section 70375, subdivision (b) refers to the calculation of the state court construction penalty imposed on the defendant. If such an unprecedented and unwieldy manner of calculating a financial penalty were contemplated by the Legislature, it most likely be discussed in a committee report. We are convinced the reduction in the "amount authorized by Section 70372" specified in Government Code section 70375, subdivision (b) is from the Government Code section 70372, subdivision (f) payment by *268 the county treasurer to the State Controller for deposit in the State Court Facilities Construction Fund; not the state court construction penalty specified in Government Code section 70372, subdivision (a). To sum up, the drug laboratory fee must be modified to also impose: the section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments; the state surcharge on the drug laboratory fee and the penalty assessments; and the state court construction penalty.

B. Restitution Fines
The trial court imposed a $200 section 1202.4, subdivision (b)(1) restitution fine and stayed the $200 section 1202.45 parole revocation restitution fine. These two restitution fines are not subject to section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments. Section 1202.4, subdivision (e) states, "The restitution fine shall not be subject to penalty assessments as provided in Section 1464, and shall be deposited in the Restitution Fund in the State Treasury." (People v. Sorenson (2005) 125 Cal.App.4th 612, 617, 22 Cal. Rptr.3d 854 ["While it attaches to almost all other fines, this state penalty assessment does not attach to restitution fines under section 1202.4"]; People v. McHenry (2000) 77 Cal.App.4th 730, 734, 91 Cal. Rptr.2d 877 [same].)
However, the additional penalty or surcharge applicable to the sections 1202.4 subdivision (b)(1) and 1202.45 restitution fines are slightly different from those that apply to the drug laboratory fine. As to the section 1465.7 twenty percent state surcharge, we conclude that does not apply to the restitution fines. As noted, section 1465.7, subdivision (a) states, "A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464." (Italics added.) As can be noted, the 20 percent state surcharge only applies to a base fine used to calculate the section 1464, subdivision (a) penalty assessment. As we have explained, the restitution fines are not used to calculate a section 1464, subdivision (a) penalty assessment. This is because no section 1464, subdivision (a) penalty assessment is imposed 6n a restitution fine. (People v. Sorenson, supra, 125 Cal. App.4th at p. 617, 22 Cal.Rptr.3d 854; People v. McHenry, supra, 77 Cal.App.4th at p. 734, 91 Cal.Rptr.2d 877.) The section 1465.7, subdivision (a) state surcharge does not apply to the sections 1202.4, subdivision (b)(1) and 1202.45 restitution fines because no section 1464, subdivision (a) assessment may be imposed.
Nothing in Government Code section 76000, subdivision (a) changes matters. Section 1465.7, subdivision (a) makes no reference to the Government Code section 76000, subdivision (a) penalty assessment. Government Code section 76000, subdivision (a) states in part, "In each county there shall be levied an additional penalty of seven dollars ($7) for every ten dollars ($10) or fraction thereof which shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses...." (Italics added.) The Government Code section 76000, subdivision (a) penalty assessment is collected in the same manner as the section 1464, subdivision (a) penalty assessment. It would seem that if the section 1464, subdivision (a) penalty assessment cannot be collected, then the same is true of the Government Code section 76000, subdivision (a) penalty assessment. Any doubt though on this matter is resolved by the application of the well established rule that when a penal statute *269 is susceptible to two different interpretations, that favorable to the accused must be adopted. (People v. Avery (2002) 27 Cal.4th 49, 57,115 Cal.Rptr.2d 403, 38 P.3d 1 ["we have repeatedly stated that when a statute defining a crime or punishment is susceptible of two reasonable interpretations, the appellate court should ordinarily adopt that interpretation more favorable" to the accused]; In re Tartar (1959) 52 Cal.2d 250, 257, 339 P.2d 553 ["The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute"].) For these reasons, we discern no legislative intent that section 1465.7 twenty percent state surcharge applies to section 1202.4, subdivision (b)(1) and 1202.45 restitution fines.
However, the case is different in terms of the Government Code section 70372, subdivision (a) state court construction penalty which, as noted, states in part, "[T]here shall be levied a state court construction penalty, in addition to any other state or local penalty including, but not limited to, the penalty provided by Section 1464 of the Penal Code and Section 76000 of the Government Code, in an amount equal to five dollars ($5) for every ten dollars ($10) or fraction thereof, upon eves fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses...." The state court construction penalty applies to "every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses ..." which includes restitution fines. Therefore, a state court construction penalty of $100 is to be added to both the section 1202.4, subdivision (b)(1) and 1202.45 restitution fines. (Needless to note, the additions to the section 1202.45 parole revocation restitution fines are stayed.)

C. The Court Security Fee
The trial court imposed a $20 court security fee pursuant to section 1465.8, subdivision (a)(1) which states, "To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code." The issue of whether the penalty assessments, state surcharge, and state court construction penalty applies to the court security fee is very, very close. Although not dispositive, section 1465.8[7] defines the *270 $20 court security fee as a fee rather than a fine, assessment, or penalty. This is in contrast to the Health and Safety Code section 11372.5, subdivision (a) drug laboratory fee which, as we have noted, is statutorily defined as an increment of a fine. (See fn. 2, supra; People v. Martinez, supra, 65 Cal.App.4th at p. 1522, 77 Cal.Rptr.2d 492; People v. Sanchez, supra, 64 Cal.App.4th at p. 1332, 76 Cal. Rptr.2d 34.) As we will note, of greatest consequence are the words chosen by the Legislature. (Freedom Newspapers, Inc. v. Orange County Employees Retirement System (1993) 6 Cal.4th 821, 826, 25 Cal. Rptr.2d 148, 863 P.2d 218; People v. Jones (1993) 5 Cal.4th 1142, 1146, 22 Cal. Rptr.2d 753, 857 P.2d 1163.)
To begin with, as to the penalty assessments, section 1464, subdivision (a) states, "[T]here shall be levied a state penalty, in an amount equal to ten dollars ($10) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses, including all offenses...." (Italics added.) Government Code section 76000, subdivision (a) provides, "In each county there shall be levied an additional penalty of seven dollars ($7) for every ten dollars ($10) or fraction thereof which shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses. ..." (Italics added.) Strictly speaking, the term "fee" is not precisely the same as the words "fine, penalty, or forfeiture." Moreover, unlike Health and Safety Code section 11372.5, subdivision (a), the Legislature has not designated the court security fee as an increment of a fine. Also, although not dispositive, none of the legislative committee reports prepared when section 1465.8 was enacted refer to any penalty assessment being imposed on the court security fee. (Assembly 3d reading analysis of Assem. Bill No. 1759 (2003-2004 Reg. Sess.) as amended Mar. 11, 2003; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1759 (2003-2004 Reg. Sess.) as introduced; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1759 (2003-2004 Reg. Sess.) as amended June 25, 2003; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1759 (2003-2004 Reg. Sess.) as amended July 27, 2003; Rep. prepared by Assem. Budget Com. on Assem. Bill No. 1759 (2003-2004 Reg. Sess.) as amended July 27, 2003.) Section 1465.8 was part of budget trailer bill relating to the judicial branch which was enacted on an urgency basis. (See Ibid.; Legis. Counsel's Dig., Assem. Bill No. 1759, Stats.2003, ch. 159 (2003-2004 Reg. Sess.).) There is no evidence of a calculation by any branch of California government including, most importantly the Legislature, that additional income was expected in the form of penalty assessments imposed on the section 1465.8 court security fee as part of the effort to balance the state budget. Moreover, the section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments are those "imposed and collected by the courts for criminal offenses...." The section 1465.8 court security fee is not always imposed as a result of a criminal conviction. It is also imposed where bail is posted where no court appearance is necessary or when a case is to be dismissed because the violator attends traffic school. (§ 1465.8, subds. (a)(1), (c).)
*271 Of further consequence is the application of the rule of lenity which we have applied while discussing the inapplicability of the section 1465.720 percent state surcharge on the section 1202.4, subdivision (b)(1) and 1202.45 restitution fines. (People v. Oates (2004) 32 Cal.4th 1048, 1068, 12 Cal.Rptr.3d 325, 88 P.3d 56; People v. Avery, supra, 27 Cal.4th at p. 57, 115 Cal.Rptr.2d 403, 38 P.3d 1; In re Tartar, supra, 52 Cal.2d at p. 257, 339 P.2d 553.) On one hand, a fee, which involves money, is like a "fine, penalty, or forfeiture." On the other hand, the Legislature has chosen specific terminology to define different ways of raising revenue: the Government Code section 70372, subdivision (a) state court construction penalty; the Health and Safety Code section 11372.5, subdivision (a) laboratory fee which is defined as an increment of a fine; the section 1202.4, subdivision (b)(1) and 1202.45 restitution fines; the section 1465.7 state surcharge; and the section 1465.8, subdivision (a)(1) court security fee. Here, the term used by the Legislature, a fee, is not the same as the words "fine, penalty, or forfeiture" appearing in the penalty assessment statutes. Each side of the controversy has equal logical weight and, therefore, the application of the rule of lenity weighs in defendant's favor. Taken collectively, these reasons lead us to hold that the section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments do not apply to the section 1456.8, subdivision (a)(1) court security fee.
The same is true as to the section 1465.7, subdivision (a) state surcharge and the Government Code section 70372, subdivision (a) state court construction penalty. The section 1465.7, subdivision (a) 20 percent state surcharge is imposed only on a base fine. The Government Code section 70372, subdivision (a) state court construction penalty is imposed on "upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses...." As we have explained, the section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments are inapplicable to the section 1456.8, subdivision (a)(1) $20 court security fee. For the same reasons, the state surcharge and court construction penalty do not apply to the 1456.8, subdivision (a)(1) court security fee.

D. Prior Conviction[**]

III. DISPOSITION
The judgment is modified to impose the fines, surcharges, and penalties discussed in the body of this opinion. A corrected abstract of judgment is to be forwarded to the Department of Correction and Rehabilitation by the superior court clerk. The trial court shall personally insure the abstract of judgment is corrected to comport to with the modifications in the judgment. The judgment is affirmed in all other respects.
ARMSTRONG and MOSK, JJ., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110(a), this opinion is certified for publication with the exception of part II(D).
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Health and Safety Code section 11372.5, subdivision (a) states: "Every person who is convicted of a violation of Section 11350, 11351, 11351.5, 11352, 11355, 11358, 11359, 11361, 11363, 11364, 11368, 11375, 11377, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11382, 11383, 11390, 11391, or 11550 or subdivision (a) or (c) of Section 11357, or subdivision (a) of Section 11360 of this code, or Section 4230 of the Business and Professions Code shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense. The court shall increase the total fine necessary to include this increment. [¶] With respect to those offenses specified in this subdivision for which a fine is not authorized by other provisions of law, the court shall, upon conviction, impose a fine in an amount not to exceed fifty dollars ($50), which shall constitute the increment prescribed by this section and which shall be in addition to any other penalty prescribed by law."
[3] Government Code section 70375 states in its entirety: "(a) This article shall take effect on January 1, 2003, and the fund, penalty, and fee assessment established by this article shall become operative on January 1, 2003, except as otherwise provided in this article. [¶] (b) In each county, the amount authorized by Section 70372 shall be reduced by the following: [¶] (1) The amount collected for deposit into the local courthouse construction fund established pursuant to Section 76100. [¶] (2) The amount collected for transmission to the state for inclusion in the Transitional State Court Facilities Construction Fund established pursuant to Section 70401 to the extent it is funded by money from the local courthouse construction fund. [¶] (c) The authority for all of the following shall expire proportionally on the June 30th following the date of transfer of responsibility for facilities from the county to the Judicial Council, except so long as money is needed to pay for construction provided for in those sections and undertaken prior to the transfer of responsibility for facilities from the county to the Judicial Council: [¶] (1) An additional penalty for a local courthouse construction fund established pursuant to Section 76100. [¶] (2) A filing fee surcharge in the County of Riverside established pursuant to Section 70622. [¶] (3) A filing fee surcharge in the County of San Bernardino established pursuant to Section 70624. [¶] (4) A filing fee surcharge in the City and County of San Francisco established pursuant to Section 70625. [¶] (d) For purposes of subdivision (c), the term `proportionally' means that proportion of the fee or surcharge that shall expire upon the transfer of responsibility for a facility that is the same proportion as the square footage that facility bears to the total square footage of court facilities in that county.
[4] When the 20 percent surcharge in Government Code section 70372, subdivision (a) became effective, Government Code section 76100 provided: "(a) Except as provided in Article 3 (commencing with Section 76200), for the purpose of assisting any county in the acquisition, rehabilitation, construction, and financing of courtrooms or of a courtroom building or buildings containing facilities necessary or incidental to the operation of the justice system, the board of supervisors may establish in the county treasury a Courthouse Construction Fund into which shall be deposited the amounts specified in the resolutions adopted by the board of supervisors in accordance with this chapter. The moneys of the Courthouse Construction Fund shall be payable only for the purposes set forth in subdivision (b) and at the time necessary therefor. [¶] (b) In conjunction with the acquisition, rehabilitation, construction, or financing of court buildings referred to in subdivision (a), the county may use the moneys of the Courthouse Construction Fund for either of the following: [¶] (1) To rehabilitate existing courtrooms or an existing courtroom building or buildings for other uses if a new courtroom or a courtroom building or buildings are acquired, constructed, or financed. [¶] (2) To acquire, rehabilitate, construct, or finance excess courtrooms or an excess courtroom building or buildings, if that excess is anticipated to be needed at a later time. [¶] (c) Any excess courtroom or excess courtroom building or buildings that are acquired, rehabilitated, constructed, or financed pursuant to subdivision (b) may be leased or rented for uses other than the operation of the justice system until the excess courtrooms or excess courtroom building or buildings are needed for the operation of the justice system. Any amount received as lease or rental payments pursuant to this subdivision shall be deposited in the Courthouse Construction Fund. [¶] (d) The fund moneys shall be held by the county treasurer separate from any funds subject to transfer or division pursuant to Section 1463 of the Penal Code." (Stats. 2002, ch. 1082, § 6.)
[5] Government Code section 70401, which was adopted at the same time the 20 percent state surcharge, was enacted states: "There is hereby established in the State Treasury the Transitional State Court Facilities Construction Fund. For each facility transferred to the state that is subject to bonded indebtedness and for which a revenue source is also transferred to the state, pursuant to subdivision (b) of Section 70325, a separate account shall be established in' the fund to receive and disburse moneys for that facility. The county shall continue to collect and transmit to the Controller for deposit in the fund the moneys transferred to service the debt on the facility. The fund shall cease to exist when all debt transferred to the state pursuant to Section 70325 has been paid."
[6] Government Code section 70372, subdivisions (a) and (b) state: "(a) Except as otherwise provided in this article, there shall be levied a state court construction penalty, in addition to any other state or local penalty including, but not limited to, the penalty provided by Section 1464 of the Penal Code and Section 76000 of the Government Code, in an amount equal to five dollars ($5) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses, including, but not limited to, all offenses, except parking offenses, as defined in subdivision (i) of Section 1463 of the Penal Code, involving a violation of a section of the Fish and Game Code, the Health and Safety Code, or the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. Any bail schedule adopted pursuant to Section 1269b of the Penal Code may include the necessary amount to pay the state penalties established by this section, by Section 1464 of the Penal Code, and Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code for all matters where a personal appearance is not mandatory and the bail is posted primarily to guarantee payment of the fine. After a determination by the court of the amount due, the clerk of the court shall collect the penalty and transmit it immediately to the county treasury and the county treasurer shall transmit these sums as provided in subdivision (f). [¶] (b) In addition to the penalty provided by subdivision (a), for every parking offense where a parking penalty, fine, or forfeiture is imposed, an added state court construction penalty of one dollar and fifty cents ($1.50) shall be included in the total penalty, fine, or forfeiture. These moneys shall be taken from fines and forfeitures deposited with the county treasurer prior to any division pursuant to Section 1462.3 or 1463.009 of the Penal Code. In those cities, districts, or other issuing agencies which elect to accept parking penalties, and otherwise process parking violations pursuant to Article 3 (commencing with Section 40200) of Chapter 1 of Division 17 of the Vehicle Code, that city, district, or issuing agency shall observe the increased bail amounts as established by the court reflecting the added penalty provided for by this section. Each agency which elects to process parking violations shall pay to the county treasurer one dollar and fifty cents ($1.50) for the parking penalty imposed by this section for each violation which is not filed in court. Those payments to the county treasurer shall be made monthly, and the county treasurer shall transmit these sums as provided in subdivision (I).
[7] Section 1465.8 states in its entirety: "(a)(1) To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code, [¶] (2) For the purposes of this section, 'conviction' includes the dismissal of a traffic violation on the condition that the defendant attend a court-ordered traffic violator school, as authorized by Sections 41501 and 42005 of the Vehicle Code. This security fee shall be deposited in accordance with subdivision (d), and may not be included with the fee calculated and distributed pursuant to Section 42007 of the Vehicle Code. [¶] (b) This fee shall be in addition to the state penalty assessed pursuant to Section 1464 and may not be included in the base fine to calculate the state penalty assessment as specified in subdivision (a) of Section 1464.[¶] (c) When bail is deposited for an offense to which this section applies, and for which a court appearance is not necessary, the person making the deposit shall also deposit a sufficient amount to include the fee prescribed by this section. [¶] (d) Notwithstanding any other provision of law, the fees collected pursuant to subdivision (a) shall all be deposited in a special account in the county treasury and transmitted therefrom monthly to the Controller for deposit in the Trial Court Trust Fund. [¶] (e) The Judicial Council shall provide for the administration of this section."
[**] See footnote *, ante.