Filed 7/31/13  P. v. Halsema CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072318 |
| v. | (Super. Ct. No. CM036509) |
| JOHN LAWRENCE HALSEMA, | |
| Defendant and Appellant. | |

A jury convicted defendant John Lawrence Halsema of manufacturing methamphetamine.  (Health & Saf. Code, § 11379.6, subd. (a).)  The trial court sentenced him to three years in county jail and ordered him to pay, among other things, a clandestine drug lab fine and related penalty assessments totaling $1,950 (Health & Saf.

1

Code, § 11379.6, subd. (a)), and a fine and related penalty assessments totaling $780 pursuant to Penal Code section 672.[1]

Defendant contends the section 672 fine is unauthorized. The People agree and so do we. We will modify the judgment to strike the section 672 fine and its related penalty assessments, and we will affirm the judgment as modified.

## DISCUSSION

We dispense with a recitation of background facts because they are not relevant to the contention on appeal.

Many criminal statutes provide for the imposition of a base fine in addition to a jail or prison sentence. (*People v. Sorenson* (2005) 125 Cal.App.4th 612, 617.) Where a base fine is not prescribed by the criminal statute, section 672 authorizes the trial court to impose a fine.[2] Section 672 applies to all crimes, not just those set forth in the Penal Code. (*People v. Shah* (1949) 91 Cal.App.2d 716, 721.)

The parties agree the trial court erred in imposing a fine pursuant to section 672 because a separate fine for the methamphetamine manufacturing offense was authorized -- and imposed -- pursuant to Health and Safety Code section 11379.6.[3]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Section 672 provides in pertinent part: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

[3] Health and Safety Code section 11379.6, subdivision (a), provides in relevant part that "every person who manufactures, compounds, converts, produces, derives, processes, or prepares, either directly or indirectly by chemical extraction or independently by means of chemical synthesis, any controlled substance . . . shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for three, five, or seven years and by a fine not exceeding fifty thousand dollars ($50,000)."

They are correct. "The operative language of section 672 is the second phrase of the first sentence, 'in relation to which no fine is herein prescribed.' " (*People v. Breazell* (2002) 104 Cal.App.4th 298, 302.) "The language used in section 672 demonstrates that it was meant to provide a fine for offenses for which another statute did not impose a fine. In other words, this is a catchall provision allowing a fine to be imposed for every crime, even if the statute criminalizing the conduct did not specifically authorize a fine. The limiting provision was meant to ensure that a fine pursuant to section 672 would not be imposed if another statute authorized a fine for the offense." (*Id*. at p. 304.)

Because a separate fine for defendant's offense was authorized by Health and Safety Code section 11379.6, the imposition of a fine pursuant to section 672 was unauthorized and must be stricken. (*People v. Breazell, supra*, 104 Cal.App.4th at p. 304.)

## DISPOSITION

The judgment is modified to strike the fine and penalty assessments imposed pursuant to section 672. The judgment is affirmed as modified. The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                                          MAURO                    , J.


We concur:


             BLEASE                 , Acting P. J.


             NICHOLSON           , J.


3